IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-cr-00232-BL-SMD |
| | ) | |
| CESAR CAMPOS-REYES | ) | |
| | ) | |

## **ORDER**

Defendant Cesar Campos-Reyes faces a twelve-count superseding indictment charging him with four counts of bank fraud, four counts of wire fraud, one count of money laundering, one count of human trafficking with respect to involuntary servitude, one count of concealing or harboring aliens, and one count of unlawful employment of aliens.  (Doc. 47).  He has filed a motion for a Bill of Particulars. (Doc. 69).

This case is before the court on the recommendation of the United States Magistrate Judge that the Defendant's motion for a Bill of Particulars be denied as to Counts One through Nine and granted as to Counts Ten through Twelve.  (Doc. 79).  The Government filed objections to the recommendation, (doc. 81), and the Defendant filed a response to Government's objections, (doc. 83).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(10(C).  A district judge must "make a *de novo* determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court must "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" and "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (emphasis in *Raddatz*) (internal quotations and citations omitted).

In its objections, the Government takes issue with the Magistrate Judge's finding that the Defendant's Motion for a Bill of Particulars was timely. (Doc. 81 at 1-2). However, the court agrees with the Magistrate Judge that, under Fed. R. Crim. P. 7(f), the Defendant's "motion is timely because it was filed within the time period set by this Court for filing pretrial motions." (Doc. 79 at 3). The court OVERRULES the Government's objection on this issue.

The Government also asserts that "the information sought by the [D]efendant is already contained within the discovery provided to defense counsel," which would alleviate the need for a Bill of Particulars as to Counts Ten through Twelve. (Doc. 81 at 1). In his response to the Government's objections, the Defendant states:

> There are hundreds of names in the 200,000+ pages of discovery the Government has provided, and the Defense does not seek these names a second time as "discovery" – the Defense requests that the Government be required to state the

2

> information listed by the Magistrate Judge as set out above so that Mr. Campos-Reyes knows what he is supposed to defend against at trial other than general statements that he violated various broad immigration statutes. Even if the Government said "every alien named in discovery is involved" – there is similarity and potential overlap among the charges at issues, where some individuals may have been alleged victims or involved in one of the charges and not another, making it impossible for Mr. Campos-Reyes to prepare his defense without specifics as to what Mr. Campos-Reyes has allegedly done and which individuals were allegedly involved in which counts.
>
> Additionally, there is not sufficient precision between the indictment and discovery to allow Mr. Campos-Reyes to plead double jeopardy in the event of a later prosecution for the same offense.

(Doc. 83 at 3-4). The Defendant's arguments are persuasive.

The court is unpersuaded that a Bill of Particulars is unnecessary since the Government has provided information in extensive discovery. True, providing the defendants with information in another form such as discovery may obviate the need for a Bill of Particulars. *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990). But the Government does "not fulfill its obligation merely by providing mountains of documents to defense counsel" who is left to discern which documents and what information may apply to a particular count. *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (finding that the district court erred in denying a Bill of Particulars even though the Government provided "mountains of documents to

3

defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged").

The Defendant represents that the voluminous discovery does not clarify the charges in Counts Ten through Twelve. And the Government has done nothing to show that the voluminous discovery particularizes the basis for the allegations in Counts Ten through Twelve or would provide the specific information for each count that Magistrate Judge discussed was necessary for the Defendant to adequately prepare his defense. Based on the Defendant's representations and the lack of any facts in the Superseding Indictment for Counts Ten through Twelve, the court finds that the voluminous production of discovery "does not render the motion for a bill of particulars redundant, unnecessary, or superfluous." *See United States v. Long*, No. 1:08-CR-043-CC-AJB, 2008 WL 11336760, at *5 (N.D. Ga. Oct. 3, 2008).

Interestingly, the Government also indicates that it "is genuinely concerned that the [D]efendant, who is currently out on bond over the [G]overnment's objection, either personally or through family, friends, or associates, will seek retribution or intimidation against any individuals listed in a bill of particulars." (Doc. 81 at 2-3). However, as the Defendant points out, the Government did not raise that argument before the Magistrate Judge, (doc. 83 at 5), so that argument is improper before this court. Moreover, as the Defendant also points out, (doc. 83 at 6), the Government's argument makes little sense. The Government seems to claim

that disclosing the information in a Bill of Particulars as set out by the Magistrate Judge for Counts Ten through Twelve could pose a danger to witnesses or victims, (doc. 81 at 2-3), yet the Government also asserts that it has already provided all of that information to the Defendant in discovery, (doc. 81 at 1), which would presumably include specific names of those involved in Counts Ten through Twelve.

After careful review of the entire file, and upon consideration of the recommendation of the Magistrate Judge, the court **OVERRULES** the Government's objections, (doc. 81); **ADOPTS** the recommendation of the Magistrate Judge, (doc. 79); and **GRANTS IN PART** and **DENIES IN PART** the Defendant's Motion for a Bill of Particulars, (doc. 69).

The Court DIRECTS the Clerk of Court to term the gavels at documents 69 and 79.

**DONE** and **ORDERED** on this the 29th day of July, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE